IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

KAY HALBERT,
        Plaintiff,

                                          CV-08-412-PK

                                          OPINION AND
v.                                       ORDER

MICHAEL J. ASTRUE,
        Defendant.

---

PAPAK, Magistrate Judge:

Plaintiff Kay Halbert filed this action against defendant Michael A. Astrue, Commissioner of Social Security, on April 2, 2008, seeking judicial review of the Commissioner's decision finding Halbert not disabled for purposes of entitlement to Social Security disability benefits. On May 22, 2009, the parties stipulated to remand for further proceedings before the Social Security Administration. Now before the court is Halbert's unopposed motion (#44) for attorney fees. I have considered the parties' briefs and all of the evidence in the record. For the reasons set forth below, Halbert's motion is granted, and Halbert is awarded attorney fees in the total amount of $3,434.00.

## ANALYSIS

**I.    Plaintiffs' Entitlement to Award of Attorney Fees and Costs**

Halbert moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). The EAJA provides that:

Page 1 - OPINION AND ORDER

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). For purposes of Section 2412, a party eligible for award of fees must be:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or

> (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. 501 (c)(3)) exempt from taxation under section 501(a) of such Code, or a cooperative association as defined in section 15(a) of the Agricultural Marketing Act (12 U.S.C. 1141j (a)), may be a party regardless of the net worth of such organization or cooperative association or for purposes of subsection (d)(1)(D), a small entity as defined in section 601 of title 5. . . .

28 U.S.C. § 2412(d)(2)(B). Here, it is undisputed that Halbert falls within the scope of Section 2412(d)(2)(B)(ii). Moreover, the record establishes that Halbert's fee petition was timely filed. The Commissioner tacitly concedes that Halbert was the prevailing party and that the government's position was not substantially justified. Halbert is therefore entitled under the EAJA to her attorney fees and costs reasonably incurred in connection with this action.

**II.    Attorney Fees**

Determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986).

Page 2 - OPINION AND ORDER

In the course of this litigation, Halbert relied on the services of a single attorney, Alan R. Unkeles. According to the time records submitted in support of Halbert's petition, Unkeles expended 20.7 hours litigating Halbert's request for judicial review, of which 9.9 hours were expended in 2008, and 0.8 hours were expended in 2009. Halbert requests that Unkeles' time be compensated at an hourly rate of $170.00. In total, Halbert requests an award of $3,434.00 in attorney fees.

### A.  Hours Reasonably Expended

The Commissioner does not challenge the reasonableness of the hours Halbert's counsel expended. Nevertheless, this court bears a responsibility to scrutinize Halbert's fee petition independently for reasonableness. *See*, *e.g.*, *Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation). Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also*, *e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-946

(9th Cir. 2007) (same).

Analysis of the time records submitted in support of Halbert's fee petition establishes that the time her counsel expended in litigation was reasonable. I therefore find that Halbert is entitled to compensation for all 20.7 hours expended by her attorney in the course of this litigation.

### B.     Reasonable Rate

As noted above, Halbert requests that her attorney's time be compensated at an hourly rate of $170.00 for work performed in both 2008 and 2009. Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Halbert does not indicate that she seeks any "special factor" increase in the statutory rate cap, but she does apparently seek adjustment based on increases in the cost of living.

To adjust the EAJA statutory fee cap for increases in the cost of living, the courts of the Ninth Circuit multiply the statutory rate cap of $125 times the appropriate consumer price index for urban consumers ("CPI-U") for the year in which the fees were incurred, then dividing that quotient by the CPI-U for the month in which the cap was imposed (March 1996). *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). I take judicial notice that the United States Department of Labor's Bureau of Labor Statistics has published a CPU-I for the Western states of 156.4 for March 1996, of 219.646 for 2008, and of 217.786 for the first half of 2009. The applicable statutory rate caps as adjusted for increases in the cost of living are, therefore, $175.55 for 2008, and $174.06 for the first half of 2009. Because each of these adjusted rate caps is in

excess of the rate Halbert has requested, the requested rate is necessarily reasonable for EAJA purposes.

### C. Calculation and Adjustment of the Lodestar Figure

#### 1. The Lodestar Product

The product of the 20.7 hours reasonably expended by Halbert's counsel and the requested hourly rate of $170.00 is $3,434.00. Thus, the lodestar calculation results in a total of $3,434.00 in attorney fees reasonably incurred in the course of litigating this action.

#### 2. Adjustment

It is the fee claimant's burden to prove the reasonableness of the lodestar amount. *See Pennsylvania*, 478 U.S. at 563-64. The factors that may properly be considered in determining and evaluating the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See, e.g.*, *Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors which are applicable need be addressed. *See, e.g.*, *Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

It is within the discretion of the trial court judge to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable, *Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional"

Page 5 - OPINION AND ORDER

cases, *Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents a reasonable fee. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).

I do not find that adjustment of the lodestar figure is warranted here. I therefore award Halbert her awarded attorney fees in the lodestar amount provided above, specifically $3,434.00.

## CONCLUSION

For the reasons set forth above, Halbert's motion (#44) is granted, and the Commissioner is ordered to pay Halbert's attorney fees in the amount of $3,434.00.

Dated this 29th day of October, 2009.

    /s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge